UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRELL LEE ROBINSON,

        Plaintiff,

vs.                                           Case No.  15-cv-

OFFICER BRANDON PETTIT, OFFICER
JOHN GATTI and THE CITY OF WESTLAND,

        Defendants.

_____/

**COMPLAINT AND JURY DEMAND**

      The Plaintiff, TERRELL LEE ROBINSON by his attorneys, SOMMERS SCHWARTZ P.C., complains against the above-named Defendants, jointly and severally, and states as follows:

**JURISDICTION AND VENUE**

      1.      TERRELL LEE ROBINSON is a resident of the City of  Wayne, County of Wayne, State of Michigan.

      2.      At all times relevant to this action, Defendant CITY OF WESTLAND, was and still is a municipal corporation, duly organized, existing and carrying on governmental functions under and by virtue of the laws of the State of Michigan.

      3.      At all times relevant to this action, Defendant CITY OF WESTLAND established, operated, and/or maintained the WESTLAND POLICE DEPARTMENT.

      4.      At all times relevant to this action, Defendant OFFICER BRANDON PETTIT was and is an Officer in the WESTLAND POLICE DEPARMENT, and an employee of the CITY OF WESTLAND.

      5.      At all times relevant to this action, Defendant OFFICER JOHN GATTI was and is an Officer in the WESTLAND POLICE DEPARMENT, and an employee of the CITY OF WESTLAND.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE  •  17TH FLOOR  •  SOUTHFIELD, MICHIGAN 48076  •  (248) 355-0300

6.      At all times relevant to this action, Defendant OFFICERS PETTIT and GATTI were agents and/or employees of Defendant CITY OF WESTLAND.

7.      The jurisdiction of this court is invoked pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as the events giving rise to the claim occurred in this district.

## ALLEGATIONS OF FACT

9.      On or about September 4, 2014, Plaintiff, TERRELL LEE ROBINSON (hereinafter "Plaintiff"), was a customer of Robertson's Liquor Store located at 2329 S. Venoy Road in the City of Westland.

10.     At all relevant times, Plaintiff was lawfully on the premises at Robertson's Liquor Store and was not in possession of any illegal substances, including, but not limited, to Marijuana.

11.     Defendants did not have probable cause to stop, search or investigate Plaintiff.

12.     That Plaintiff did not have any marijuana on his person on September 4, 2014, did not exchange any money with Erik Schilling on that date, and did not provide Mr. Schilling with any package.

13.     That neither Erik Schilling nor Carrie Schilling communicated to the Defendant officers that the marijuana that was found on Erik Schilling was provided by Plaintiff.

14.     That at the time the Defendant officers searched Plaintiff on September 4, 2014 they did not find any marijuana on his person or any other illegal items and found a total of $27.00 in his possession.

15.     That the Defendant officers originally searched Plaintiff and let him go when the search of his person resulted in "negative findings."

16.     After being released, Plaintiff walked across Venoy and was on his way back to his friends' home.  As he was walking, he saw the same two officers pull over Erik Schilling's vehicle.  Plaintiff stood on the corner of Grand Traverse and Venoy and with his smart phone began recording the interaction between the officers and Erik Schilling.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • 17ᵗʰ FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

2

17.     The officers observed Plaintiff filming their interaction with Erik Schilling.

18.     Officer Getty got in his unmarked police car and drove over to where Plaintiff was standing on the other side of Venoy.   Officer Getty said to Plaintiff; "put your fucking hands behind your back. You're going to jail for possession of marijuana."

19.     Plaintiff was never in possession of marijuana and Defendant officers knew Plaintiff was never in possession of marijuana.

20.     The Defendant officers arrested Plaintiff in retaliation for Plaintiff standing on the corner and videotaping their interaction with Erik Schilling.

21.     The Defendant officers took Plaintiff to jail on a Thursday and he was not able to post bond and get out of jail until Sunday.

22.     Plaintiff had just started a new job at Poco, Inc. about a month earlier and was earning $10.00 an hour and would have received benefits after 90 days.

23.     Plaintiff missed work on Friday and Saturday due to his incarceration and was terminated from his job at Poco, Inc.

24.     Plaintiff was charged with possession of marijuana.   The charge was dismissed by the prosecutor.

25.     At all times pertinent, the conduct of the Defendants was "grossly negligent", as the term is defined in MCL 691.1407(2)(c).

26.     At all times pertinent, the conduct of the Defendants was in violation of Plaintiff's well settled right to be free from unreasonable search and seizure as guaranteed by the Michigan Constitution and fourth and Fourteenth Amendments of the United States Constitution.

27.     As a proximate result of the defendants' illegal and unconstitutional search, seizure, and arrest, Plaintiff spent parts of four days in jail and suffered mental anguish, mental anxiety, humiliation, embarrassment, and depression.

28.     As a proximate result of the Defendants' illegal and unconstitutional search, seizure, and arrest plaintiff suffered and continues to suffer economic damages in the form of lost wages, lost earning capacity, and lost benefits.

29.     All of the injuries specified above may be of a permanent nature, except those of a superficial nature, which may cause Plaintiff to sustain future expenses for hospitalization, medication, nursing, medical care, and treatment.

30.     These injuries may or could aggravate physical and mental conditions not presently known to Plaintiff which could be permanent.

31.     That the wrongful acts of the employees and/or agents of the Defendant, WESTLAND POLICE DEPARTMENT, and OFFICERS JOHN GATTI AND BRANDON PETTIT, constituted an unconstitutional deprivation of Plaintiff's right to be from unreasonable searches and seizures.

## COUNT I
## ASSAULT AND BATTERY

32.     Plaintiff repeats paragraphs 1 through 31.

33.     On or about September 4, 2014, the individual Defendant police officers intentionally and without provocation assaulted and battered Plaintiff, and as a proximate result of the battery, Plaintiff suffered the damages described in full above.

34.      As a proximate result of the assault and battery committed by the individual Defendant officer, Plaintiff suffered the injuries set forth above, and Plaintiff is entitled to the relief and damages set forth below.

35.     Plaintiff did not resist the Defendant police officer who assaulted and battered him, and the use of such excessive force against him was unnecessary and excessive; Defendant City of Westland is liable for its employees actions and inactions.

36.     Plaintiff alleges that in their conduct described in full above, Defendants acted maliciously and willfully, and with the design of causing the Plaintiff to suffer fear, physical pain, injuries, mental anguish, and economic losses described in full above.

4

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment against the Defendants, jointly and severally, as follows:

(1)     Awarding compensatory damages in whatever amount in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS that is found to be fair.

(2)     Granting such other relief as may be just and equitable.

<u>**COUNT II**</u>
<u>**DEPRIVATION OF CIVIL RIGHTS**</u>

37.     Plaintiff hereby repeats and incorporates by reference paragraphs 1 through 36.

38.     That pursuant to <u>42 U.S.C. Section 1983</u>:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit and equity, or other proper proceeding for redress.

39.     This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States and under Federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983, and under the Constitution of the State of Michigan, Article 1, Section II.

40.     Defendants, acting under color of state law, violated these rights by searching and arresting plaintiff without a warrant and without any recognized exception to the warrant requirement and without probable cause to believe a crime was committed, but as retaliation for Plaintiff videotaping the interaction with Erik Schilling.  The search and arrest of Plaintiff was in violation of the Michigan and federal Constitutions, particularly the Fourth and Fourteenth Amendments to the United States Constitution, which is actionable under both <u>42 U.S.C. § 1983</u> and Michigan law.

41.     All the Defendants herein are persons or entities responsible for persons within the meaning of <u>42 U.S.C. Section 1983</u>.

42.     Defendant, WESTLAND POLICE DEPARTMENT, had certain policies, rules and regulations, and Defendant's employees, agents, officers, and administrators underwent training in procedures that its employees, agents, officers, and administrators are mandated to follow.

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
ONE TOWNE SQUARE ● 17TH FLOOR ● SOUTHFIELD, MICHIGAN 48076 ● (248) 355-0300

43.     That Defendant, WESTLAND POLICE DEPARTMENT, has recklessly and intentionally, and with deliberate indifference to Plaintiff's physical well being failed to train their employees and agents in proper police procedures.

44.     All the Defendants were at all times relevant to this action, acting under color of Michigan statute, ordinance, regulations, custom and usage within the meaning of 42 U.S.C. Section 1983, in the search and arrest of Plaintiff, and in the continuing imprisonment of Plaintiff, all under the direction, support, knowledge and authority of the Defendants and Defendant WESTLAND POLICE DEPARTMENT.

45.     Each officer employed by the City of Westland possessed the power to prevent, or aid in preventing, the commission of such wrongful acts, and accordingly, owed a duty to Plaintiff to prevent, aid in preventing, and/or attempt to prevent the commission of such wrongful acts.

46.     Notwithstanding such knowledge and power, and with deliberate indifference to Plaintiff's constitutionally protected rights, the City of Westland breached their duties by neglecting, failing and refusing to prevent, aid in preventing or attempt to prevent the commission of such wrongful acts.

47.     Defendants practiced and/or permitted certain customs and/or practices with deliberate indifference and intentional indifference to deprive Plaintiff of his rights, as protected by the Constitution of the United States, the Constitution of the State of Michigan, and the statutes and common law of the State of Michigan, including but not limited to:

(a)     Failing to mandate that interactions with citizens were videotaped and/or recorded to prevent retaliatory arrests such as occurred in this instance;

(b)     Failing to insure that officers were properly trained to understand that citizens have the right to videotape the actions of the police;

(c)     Causing Plaintiff to suffer unnecessary and wanton infliction of pain;

(e)     Failing to train, monitor and supervise the officers so as to prevent unconstitutional searches and arrests.

48.     The conduct of Defendants, and each of them, deprived Plaintiff of the following rights, privileges and immunities secured by the Constitution of the United States:

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • 17ᵗʰ FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

(a)     The right of Plaintiff not to be deprived of life, liberty or property without due process of law secured by the Fourteenth Amendment to the Constitution of the United States.

(b)     The right of Plaintiff to be free from unreasonable searches and seizures secured by the Fourth Amendment of the Constitution of the United States.

(c)     The right of Plaintiff to be guaranteed equal protection under the laws secured by the Fourteenth Amendment to the Constitution of the United States.

49.     By reason of the conduct of Defendants, Plaintiff suffered physical injuries and suffered mental anguish, mental anxiety, humiliation, embarrassment, and depression.

50.     By reason of the conduct of Defendants, Plaintiff suffered economic damages in the form of lost wages, lost earning capacity, and loss of benefits.

51.     The acts, conduct, and behavior of Defendants were performed knowingly, intentionally, and with deliberate indifference to Plaintiff's constitutionally protected rights and Defendant City of Westland failed to discipline these officers despite their constitutional violations, and their incidents of misconduct, and thus ratified and impliedly approved of said conduct, therefore, plaintiff is entitled, by virtue of 42 U.S.C. Section 1983, to compensatory damages in whatever amount which is found to be fair and just, and by virtue of 42 U.S.C. Section 1988, to punitive damages.

WHEREFORE, for all the above reasons, Plaintiff demands judgment against the Defendants, jointly and severally, in whatever amount he is found to be entitled, as determined by the trier of fact, together with punitive damages, costs, interest, attorney fees, including but not limited to such attorney fees as are allowable under 42 U.S.C. § 1988.

## COUNT III
## FALSE ARREST

52.     Plaintiff incorporates by reference all allegations contained in paragraphs 1 through 51 as if specifically repeated herein, paragraph by paragraph, word for word.

53.     All Defendant Police Officers acted under color of law but contrary to law, and intentionally arrested Plaintiff, whom was aware of the arrest, which was against his will.

7

WHEREFORE, Plaintiff demands judgment against all Defendants, for compensatory damages in whatever amount above $25,000.00 the jury may determine, plus costs, interest, and actual attorney fees.

## COUNT IV
## FALSE IMPRISONMENT

54.     Plaintiff incorporates by reference all allegations contained in paragraphs 1 through 53 as if specifically repeated herein, paragraph by paragraph, word for word.

55.     All Defendant Police Officers acted under color of law but contrary to law, and intentionally and against his will deprived Plaintiff of his right to personal liberty or freedom of movement by actual physical force or by an express or implied threat of force.

WHEREFORE, Plaintiff demands judgment against all Defendants, for compensatory damages in whatever amount above $25,000.00 the jury may determine, plus costs, interest, and actual attorney fees.

## CONCLUSION AND RELIEF REQUESTED

WHEREFORE, Mr. Robinson demands judgment against all Defendants, jointly and severally, for compensatory, exemplary, and punitive damages in whatever amount above $25,000.00 the jury may determine, plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 U.S.C § 1988.

## JURY DEMAND

Plaintiff hereby requests a trial by jury of the within cause.

Respectfully submitted,

SOMMERS SCHWARTZ, P.C.


By: /s/ Matthew L. Turner
        Matthew L. Turner (P48706)
        Michelle D. Trent (P77102)
        Attorneys for Plaintiff
        One Towne Square, 17th Floor
        Southfield, MI  48076
Dated:  January 8, 2015                     (248) 355-0300

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE ● 17th FLOOR ● SOUTHFIELD, MICHIGAN 48076 ● (248) 355-0300